IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY K. BUSBY,

        **Plaintiff,**

v.

LUMEN TECHNOLOGIES,
d/b/a UNITED TELEPHONE OF
KANSAS, AND CHRISTINE BIESER,

        **Defendants.**

Case No. 22-1242-DDC-BGS

## MEMORANDUM AND ORDER

Plaintiff Jeffrey K. Busby, proceeding pro se,[1] brings this lawsuit against his former employer, Lumen Technologies,[2] and his former supervisor, Christine Bieser.[3] Defendant Lumen has filed a Motion to Dismiss (Doc. 8). For reasons explained below, the court grants Lumen's motion.

**I.  Background**

The following facts come from plaintiff's Complaint. Doc. 1. The court accepts the facts as true and views them in the light most favorable to plaintiff, as the party opposing the Motion

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

[2] The Complaint names "Lumen Technologies" as a defendant. Doc. 1 at 1. Defendants have informed the court that there is no entity named "Lumen Technologies." Doc. 9 at 1. Defendants assert that "United Telephone of Kansas" is the appropriate defendant in this case. *Id.* United Telephone of Kansas is a former indirect subsidiary of Lumen Technologies, Inc. *Id.* And United Telephone of Kansas is now named Brightspeed of Kansas, Inc. *Id.* But defendant Lumen has not moved to dismiss because plaintiff sued the wrong party, so the court proceeds to the merits of Lumen's Motion to Dismiss.

[3] Plaintiff, who proceeds in forma pauperis, has not served defendant Bieser. Doc. 13.

to Dismiss.  *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1304 (10th Cir. 2020) (explaining that on a motion to dismiss the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to" the party opposing the motion (citation and internal quotation marks omitted)).

On October 28, 2021, plaintiff filed an Unfair Business Practice complaint with his union.  Doc. 1 at 3.  Specifically, plaintiff complained of a violation of federal law in the form of a *Weingarten* rights violation.[4]  *Id.*  On November 24, 2021, two men assaulted plaintiff "in a utility Right of Way."  *Id.*  Defendants used the assault and crime to retaliate against plaintiff.  *Id.*  Plaintiff seeks $20 million in compensatory damages for lost wages, pain and suffering, and intentional infliction of emotional distress.  *Id.* at 4.  Plaintiff also seeks $100 million in punitive damages.  *Id.*

## II.  Legal Standard

Fed. R. Civ. P. 12(b)(6) allows a party to move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]"  For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual

---

[4]  An employee's *Weingarten* right is the "right to have a union representative present during employee disciplinary investigations[.]"  *Am. Fed'n of Gov't Emps., Loc. 1592 v. Fed. Lab. Rels. Auth.*, 836 F.3d 1291, 1296 (10th Cir. 2016) (citing *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251 (1975)) .

allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III. **Analysis**

At the top of plaintiff's "Statement of Claim" section, the Complaint provides, "RETALIATION!!" Doc. 1 at 3. In the "Statement of Claim" section, the Complaint provides,

> On Oct. 28, 2021 I filed a[n] Unfair Business Practice with the C.W.A[.] Union, on a violation of Federal Rights Law. NLRB vrs. J. Weingarten Violation. On November 24, 2021 I was assaulted by 2 men in a Utility Right of Way. They used the assault [and] crime to [r]etaliate against me.

*Id.* The Complaint also alleges that the "[t]imeline tells the story." *Id.* The court liberally construes this passage from the Complaint to assert claims against defendant Lumen for (1) violating his *Weingarten* rights and (2) retaliating against him for filing a union grievance about the *Weingarten* violation.[5]

---

[5] Here, the court briefly must mention other possible constructions of plaintiff's Complaint and explain why those constructions can't carry the day. Plaintiff attached some documents to his Complaint. *See* Doc. 1-1. One of those documents—plaintiff's union grievance over his dismissal—makes a passing reference to age. *Id.* at 8. Specifically, the grievance provides that plaintiff has "questions and concerns" about his dismissal, and asks whether plaintiff's age "[c]ould . . . be an issue?" *Id.* But the Complaint doesn't mention plaintiff's age. The court concludes that plaintiff hasn't alleged an age discrimination claim based on this passing reference in an attached document.

Plaintiff also attached his October 28, 2021, grievance to the Complaint—with a header that says Whistleblowing Grievance. *See id.* at 1, 2. The Complaint itself doesn't mention "whistleblowing." So, this passing reference to whistleblowing in an attachment can't suffice to assert a claim for whistleblowing retaliation. Instead, the attachment supports plaintiff's allegations of a *Weingarten* violation and retaliation for filing the grievance.

The Complaint itself makes no mention of a collective bargaining agreement, so the court doesn't interpret the Complaint to allege any defendant violated a collective bargaining agreement.

Plaintiff also makes a passing reference to defamation and breach of privacy in his Complaint—but not in his Statement of Claim. Instead, the Complaint, in the punitive monetary damages section, asks plaintiff to "state the amounts claimed and the reasons you claim you are entitled to recovery money damages." Doc. 1 at 4. In this section, plaintiff asserts he seeks $120,000,000 because defendants have destroyed his professional and personal life, subjected him to a federal investigation, blacklisted him in the industry, defamed him, breached his privacy, and pushed him to starvation, suicide, and public shame. *Id.* The court doesn't view this passing reference to assert claims for defamation or breach of privacy. Plaintiff merely mentioned these buzz words in a list of reasons why plaintiff should recover punitive

3

Lumen argues that plaintiff can't state a claim based on his *Weingarten* rights or his union activities because *San Diego Building Trades Council v. Garmon* preempts these claims. 359 U.S. 236 (1959). Lumen's right.

As an initial matter, *Garmon* preemption implicates the court's jurisdiction. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1166 (10th Cir. 2004) ("If *Garmon* preemption applies, the correct result is that neither [a] federal court nor [a] state court has jurisdiction[.]"). So, the court, *sua sponte*, must consider whether to construe Lumen's Rule 12(b)(6) motion as a Rule 12(b)(1) motion.

As Judge Robinson of our court has noted, the "Tenth Circuit has not explicitly considered whether *Garmon* preemption should be dismissed under 12(b)(1) or 12(b)(6)." *Butcher v. Teamsters Local 955*, No. 18-CV-02424-JAR-KGG, 2018 WL 6200027, at *2 (D. Kan. Nov. 28, 2018). "Under 12(b)(1), . . . 'the party invoking federal jurisdiction bears the burden of proof.'" *Id.* at *3 (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)). "However, the Supreme Court has clearly placed the burden of demonstrating *Garmon* on the party asserting preemption." *Id.* (citing *Int'l Longshoremen's Ass'n, AFL-CIO v. Davis*, 476 U.S. 380, 395 (1986)). Judge Robinson explained that to "apply the standards of 12(b)(1) when considering *Garmon* preemption would necessarily shift [the *Garmon*] burden and require Plaintiffs to demonstrate that the Court has jurisdiction over their arguably preempted claims." *Id.* Judge Robinson "decline[d] to impose that contradictory result[.]" *Id.* The court agrees with Judge Robinson's analysis and thus considers Lumen's *Garmon* preemption

---

monetary damages. And plaintiff's Complaint alleges no facts that could support a defamation or breach of privacy claim. Instead, plaintiff's Statement of Claim focuses on his *Weingarten* rights and retaliation—with emphasis on the retaliation. *See id.* at 3.

argument under Rule 12(b)(6). With that bit of business settled, the court turns now to its *Garmon* analysis.

Lumen is correct—*Garmon* preempts plaintiff's claims. Under *Garmon* preemption, the National Labor Relations Board (NLRB) has exclusive jurisdiction over "activities that are arguably protected or prohibited by the" National Labor Relations Act (NLRA). *Felix*, 387 F.3d at 1165 (citing *Garmon*, 359 U.S. at 244). "When an activity is arguably subject to [§] 7 or [§] 8 of the [NLRA], . . . the federal courts must defer to the exclusive competence of the" NLRB. *Garmon*, 359 U.S. at 245.

Section 7 of the NLRA protects an employee's *Weingarten* rights. *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251 (1975) (holding that NLRA § 7 allows an employee to insist on the presence of a union representative at employer's investigatory interview when plaintiff reasonably believes the interview will result in discipline); *see also* NLRA § 7, 29 U.S.C. § 157 (defining employee's right "to engage in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection"). And when a plaintiff claims that his employer fired him because of his union activities, he alleges an unfair labor practice under § 8(a) of the NLRA. *Viestenz v. Fleming Cos.*, 681 F.2d 699, 701 (10th Cir. 1982); *see also* NLRA § 8(a)(1), 29 U.S.C. § 158(a)(1) (making it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of rights guaranteed in section [7] of" the NLRA).

Here, plaintiff alleges that defendant Lumen violated his *Weingarten* rights. Section 7 of the NLRA protects plaintiff's *Weingarten* rights, so this "activity is arguably subject to [§] 7 of the" NLRA and the court "must defer to the exclusive competence of the" NLRB. *Garmon*, 359 U.S. at 245. Plaintiff also alleges that defendant Lumen retaliated against him shortly after he filed a union grievance. Section 8(a) of the NLRA deals with unfair labor practices, so, again,

the court "must defer to the exclusive competence of the" NLRB. *Id.* The NLRB has exclusive jurisdiction over plaintiff's claims, so the court dismisses these claims.[6]

Lumen asks the court to dismiss plaintiff's Complaint with prejudice. Doc. 14 at 5. Generally, "dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile[.]" *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (internal quotation marks and citation omitted). Also, the Circuit has cautioned that district courts "generally should [give] leave to amend" to pro se parties, but the corollary is that it's "appropriate to dismiss without allowing amendment where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (internal quotation marks and citation omitted) (text alteration omitted). Here, it is evident. Plaintiff cannot prevail on the facts that he has alleged, and no amount of amendment could solve plaintiff's *Garmon* preemption problem.

The court thus concludes that giving plaintiff leave to amend his Complaint is a futile act, so it dismisses plaintiff's claims—a *Weingarten* rights violation and retaliation for filing a union grievance—with prejudice under Rule 12(b)(6).

## IV. Conclusion

As explained above, the court grants defendant Lumen's Motion to Dismiss (Doc. 8). The court dismisses the claims against defendant Lumen with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Lumen's Motion to Dismiss (Doc. 8) is granted.

**IT IS SO ORDERED.**

---

[6] In his response, plaintiff seems to acknowledge that the NLRB is the proper forum for his allegations. The response provides, "I also contacted the N.L.R.B. . . . and made a formal complaint." Doc. 12 at 2.

**Dated this 15th day of September, 2023, at Kansas City, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**